FILED

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2010 NOV -3  P 1: 38

CLERK U.S. DISTRICT COURT
ALEXANDRIA. VIRGINIA

**DAVID CONLEY AND KATRIEN VAN DIJK,**
Individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

CIVIL ACTION NO. 1:10cv 1247

TSE/JFA

**FIRST TENNESSEE BANK, N.A.,**
SERVE:   CT Corporation System
4701 Cox Rd., Ste 301
Glen Allen, VA 23060

Defendant.

## COMPLAINT

COMES NOW the Plaintiffs, DAVID CONLEY AND KATRIEN VAN DIJK

(hereafter the "Plaintiffs"), by counsel, and for their Complaint against the Defendant, FIRST

TENNESEE BANK, N.A. (hereafter "Defendant" or "First Tennessee"), states as follows:

## PRELIMINARY STATEMENT

1.      This is a class action complaint prosecuted for the Defendant's violations of the

Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq.*, and the  Equal Credit

Opportunity Act (VECOA), Code of Virginia §59.1-21.19, *et seq.* The Defendant accepts and

processes consumer credit applications, and participates in adverse actions against consumers.

Despite this role, the Defendant does not send consumers lawful notices of adverse action as

required under the ECOA and VECOA.

## JURISDICTION AND VENUE

2.      This complaint is filed for violations of the Equal Credit Opportunity Act

1

("ECOA"), 15 U.S.C. §1691 *et seq.* and the Virginia Equal Credit Opportunity Act, Code of Virginia §59.1-21.19, *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1367, and 15 U.S.C. §1691e.

3.     Venue is proper as the Plaintiffs reside in the Eastern District of Virginia, Alexandria Division.

**PARTIES**

4.     The Plaintiff to this lawsuit, David Conley, is a natural person and is a "consumer" as defined by 15 U.S.C. §1681a(c) and a "person" as defined by Code of Virginia §59.1-21.19. David Conley is an "applicant" for the purposes of the ECOA and the VECOA.

5.     The Plaintiff to this lawsuit, Katrien Van Dijk, is a natural person and is a "consumer" as defined by 15 U.S.C. §1681a(c) and a "person" as defined by Code of Virginia §59.1-21.19. Katrien Van Dijk is an "applicant" for the purposes of the ECOA and the VECOA.

6.     The Defendant to this lawsuit, First Tennessee, is a national bank and is a "creditor" for purposes of the ECOA and VCOA.

**FACTS**

7.     On or about August 11, 2010, the Plaintiffs applied for a refinance of their mortgage pursuant to the Home Affordable Refinance Program (HARP) with the Defendant for the purpose of obtaining a fixed rate mortgage loan.

8.     HARP was enacted to allow homeowners who are underwater, but current on their mortgage payments, to refinance into a loan for the current market value of their property[1].

9.     Originally, projected to help up to 5 million homeowners, HARP has helped only

---

[1] http://makinghomeaffordable.gov/docs/mha_refinance080310.pdf

220,000 homeowners[2].

10.     HARP has been considered a "flop" and "failure" due to lender refusal to provide meaningful assistance to homeowners under the program[3].

11.     On or about August 11, 2010, Defendant accessed the Plaintiffs' credit reports and used them to making a decision about the terms and credit that would be made available to the Plaintiffs.

12.     The Plaintiffs' HARP application was denied.  When this decision was rendered upon the Plaintiffs' application, it constituted an adverse action.

13.     The adverse action notice that First Tennessee mailed to Plaintiffs included as its only statement of reasons for the adverse action: "We do not grant credit under the terms and conditions requested – Not allowable for loan program."

14.     The statement of reasons for adverse action required by the ECOA and VECOA "must be specific and indicate the principal reason for the adverse action. Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant, joint applicant, or similar party failed to achieve the qualifying score on the creditor's credit scoring system are insufficient."  12 C.F.R. § 202.9(b)(2)

15.     The adverse action notice that First Tennessee mailed to the Plaintiffs failed to lawfully inform the Plaintiffs of the accurate and complete basis or statement of reasons for the First Tennessee adverse action.

16.     Plaintiffs believe that First Tennessee has provided the same inaccurate and insufficient adverse action notice to numerous consumers.  The adverse action notice letter

---

[2] http://www.usatoday.com/money/economy/housing/2010-03-01-mortgage-help_N.htm.
[3] http://www.examiner.com/mortgage-and-housing-in-national/harp-loan-program-has-been-a-dismal-failure;
http://online.wsj.com/article/SB10001424052748704358004575096020101445724.html?;
http://www.nytimes.com/2010/10/10/opinion/10sun2.html.

appears on its face to be a computer-generated document evidencing a systemnatic response to circumstances similar to that of the Plaintiffs.   Upon information and belief, First Tennessee has no procedures in place to avoid the violations of the ECOA and VECOA as alleged in this complaint.

**PRACTICES AND POLICIES OF NORTHERN**

17.    On information and belief, the Plaintiff alleges that it is or was the practice and policy of First Tennessee to:

      a.    Take adverse action as to consumers in numerous transactions without sending appropriate notices under the ECOA.

      b.    Take adverse action as to consumers in numerous transactions without sending appropriate notices under the VECOA.

      c.    Omit in numerous transactions any statement of reasons for such adverse actions as required under the ECOA and VECOA, providing the incorrect and inadequate explanation of "We do not grant credit under the terms and conditions requested – Not allowable for loan program."

**COUNT 1: FEDERAL EQUAL CREDIT OPPORTUNITY ACT**
**15 U.S.C. §1691(d)**
**("the ECOA Class Claim")**

18.    Plaintiffs reallege and incorporate paragraphs 1 through 17 above as if fully set out herein.

19.    The Defendant willfully and intentionally violated the ECOA, 15 U.S.C. § 1691(d) by taking an adverse action against the Plaintiffs' application for credit without providing the Plaintiffs with a written statement of the reasons for such action.

4

20.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this

claim for themselves and on behalf of a class ("the ECOA class") of similarly situated

individuals initially defined as follows:

> All natural persons who applied for credit to First Tennessee within the preceding
> two years to whom First Tennessee did not offer credit on substantially the same
> terms as requested, or at all, and to whom First Tennessee provided no ECOA
> adverse action notice or an ECOA adverse action notice with the statement "We
> do not grant credit under the terms and conditions requested– Not allowable for
> loan program" as a statement of reasons.

Excluded from the class definition are any employees, officers, directors of First

Tennessee any legal representatives, heirs, successors, and assignees of First Tennessee, and any

judge assigned to hear this action.

21.     **Numerosity, Fed. R. Civ. P 23(a)(1).** Upon information and belief, the Plaintiffs

allege that the class members are so numerous that joinder of all is impractical.  The names and

addresses of the class members are identifiable through the internal business records maintained

by First Tennessee and the class members may be notified of the pendency of this action by

published and/or mailed notice. The Fourth Circuit has held that classes consisting of as few as

18 members will satisfy the numerosity requirement in some cases, and generally, 40 members

will nearly always satisfy the numerosity requirement.  Defendant's procedure for generation of

the subject form letter appear automated and systemic evidencing a likelihood that First

Tennessee had sent at least 40 such letters during the last two years.

22.     **Predominance of Common Questions of Law and Fact** **Fed. R. Civ. P.**

**23(a)(2) and 23(b)(3).**  Common questions of law and fact exist as to all members of the putative

class.  These questions predominate over the questions affecting only individual members.

These include, by example only and without limitation:

a.    Whether the explanation for an adverse action in the First Tennessee form letter is sufficiently specific under the ECOA/VECOA; and

b.    Whether First Tennessee's violation of the ECOA/VECOA was willful.

23.    **Typicality** **Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class.

24.    **Adequacy of Representation** **Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class because: their interests coincide with, and are not antagonistic to, the interests of the members of the putative class they seeks to represent; they have retained counsel competent and experienced in such litigation; and they intend to prosecute this action vigorously. The interests of members of the putative class will be fairly and adequately protected by Plaintiffs and their counsel.

25.    **Superiority** **Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the putative class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the number of individuals affected by First Tennessee's actions. Even if the members of the class themselves could individually afford such litigation; it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by First Tennessee's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a

single set of proof in a case.

26.     **Injunctive and Declaratory Relief Appropriate for the Class** Fed. R. Civ. P.

23(b)(2). Class certification is appropriate, because First Tennessee has acted on grounds

generally applicable to the class, making appropriate equitable declaratory and injunctive relief

with respect to Plaintiffs and the putative class members.

27.     Based on the Defendant's failure to provide a notice appropriate under the

ECOA/VECOA to members of the putative class and for its failure to identify the reasons for

denial of credit to the members of the putative class, the Plaintiffs and the putative class

members are entitled to declaratory and injunctive relief pursuant to Rule 23(b)(2) requiring 1)

that First Tennessee provide an appropriate notice with the reason for denial of credit to the

Plaintiffs and the putative class members; 2) that First Tennessee be ordered to comply with the

ECOA notice provisions in all future similar transactions; and 3) a declaration that the Defendant

did violate the ECOA for each class member.

**COUNT TWO: VIRGINIA EQUAL CREDIT OPPORTUNITY ACT**
**Code of Virginia §59.1-21.21:1(D)**
**("the VECOA Class Claim")**

28.     Plaintiffs reallege and incorporate paragraphs 1 through 27 above as if fully set

out herein.

29.     The Defendant willfully and intentionally violated the VECOA, Code of Virginia

§59.1-21.21:1(D) by taking an adverse action against the Plaintiffs' application for credit without

providing the Plaintiff with a legally adequate specific written statement of the reasons for such

action.

30.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this

claim for themselves and on behalf of a subclass within the putative ECOA class ("the VECOA

7

class") of similarly situated individuals initially defined as follows:

> All natural persons who applied for credit to First Tennessee within the preceding two years and who at that time had their mailing address within the Commonwealth of Virginia and to whom First Tennessee did not offer credit on substantially the same terms as requested, or at all, and to whom First Tennessee provided no VECOA adverse action notice or a VECOA adverse action notice with the exact or approximate statement "We do not grant credit under the terms and conditions requested– Not allowable for loan program" as a statement of reasons.

Excluded from the class definition are any employees, officers, directors of First Tennessee any legal representatives, heirs, successors, and assignees of First Tennessee, and any judge assigned to hear this action.

31.   **Numerosity,** Fed. R. Civ. P 23(a)(1). Upon information and belief, the Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by First Tennessee and the class members may be notified of the pendency of this action by published and/or mailed notice. The Fourth Circuit has held that classes consisting of as few as 18 members will satisfy the numerosity requirement in some cases, and generally, 40 members will nearly always satisfy the numerosity requirement. As alleged above, Plaintiffs are confident that First Tennessee's automated letter process did generate and send at least 40 such notices to Virginia consumers within the last two years.

32.   **Predominance of Common Questions of Law and Fact** Fed. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class. These questions predominate over the questions affecting only individual members and include those alleged in Count One.

33.   **Typicality** Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of the claims

8

of each putative class member.  Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class.

34.    **Adequacy of Representation**  Fed. R. Civ. P. 23(a)(4).  Plaintiffs are an adequate representative of the putative class because: their interests coincide with, and are not antagonistic to, the interests of the members of the putative class they seeks to represent; they have retained counsel competent and experienced in such litigation; and they intend to prosecute this action vigorously.  The interests of members of the putative class will be fairly and adequately protected by Plaintiffs and their counsel.

35.    **Superiority**  Fed. R. Civ. P. 23(b)(3).  Questions of law and fact common to the putative class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the number of individuals affected by First Tennessee's actions.  Even if the members of the class themselves could individually afford such litigation; it would be an unnecessary burden on the Courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by First Tennessee's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

36.    **Relief Appropriate for the Class**  Fed. R. Civ. P. 23(b)(2).  Class certification is appropriate, because First Tennessee has acted on grounds generally applicable to the class, making appropriate equitable declaratory and injunctive relief with respect to Plaintiffs and the

putative class members.

37.     Based on the Defendant's failure to provide a notice appropriate under VECOA
to members of the putative class and for its failure to identify the reasons for denial of credit to
the members of the putative class, the Defendant is liable to the Plaintiffs and each of the
putative class members for statutory punitive damages of $10,000.00 and attorneys' fees and
costs.

WHEREFORE, Plaintiffs move for judgment for themselves and on behalf of the defined
classes against the Defendant for damages, attorneys' fees and costs, injunctive and declaratory
relief, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

DAVID CONLEY AND KATRIEN VAN DIJK

Kristi N. Cahoon, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL MARKLE ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone (703) 277-9774
Facsimile (703) 591-9285

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Telephone (757) 930-3660
Facsimile (757) 930-3662
*Counsel for Plaintiffs*

10