IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| DAVID CONLEY and KATRINE VAN DIJK, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:10cv1247 (TSE/JFA) |
| | ) |
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, | )<br>)<br>) |
| Defendant. | )<br>) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

INTRODUCTION

This case is a putative nationwide class action based on the alleged failure of First Tennessee Bank National Association ("First Tennessee") to provide a sufficiently-descriptive adverse action notice when First Tennessee denied the Plaintiffs'[1] application for a loan refinance. Significantly, despite the fact that Plaintiffs' claims arise from the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA")(and the Virginia statutory equivalent), which prevents credit discrimination against certain protected classes, the Plaintiffs do not allege First Tennessee discriminated against anyone or that they are a member of a protected class. They also do not even allege that First Tennessee did not provide them an adverse action notice, only claiming instead that the notice it did provide was too vague – without explaining why that matters. These claims fail based on multiple pleading deficiencies in the Complaint. First, the

---

[1] Plaintiffs David Conley and Katrine Van Dijk are referred to collectively as "Plaintiffs."

Plaintiffs fail to plead the necessary elements to demonstrate that they were even entitled to an adverse action notice. Second, Plaintiffs' claims under both the ECOA and the Virginia Equal Credit Opportunities Act, Va. Code. Ann. § 6.2-500, *et. seq.* ("VECOA"), fail because Plaintiffs do not allege that they are members of a protected class entitled to statutory protection. Third, Plaintiffs improperly seek double recovery – claiming relief under both the ECOA and the VECOA, where the VECOA is expressly inapplicable if an ECOA monetary remedy is pursued. For these reasons, the Complaint should be dismissed.

## FACTS[2]

The Plaintiffs are borrowers on a mortgage loan originated by First Tennessee. Compl. ¶ 7. On August 11, 2010, the Plaintiffs allegedly submitted an application to First Tennessee for a loan refinance pursuant to the federal Home Affordable Refinance Program ("HARP"). *Id.* First Tennessee denied the Plaintiffs' application. *Id.* at ¶¶ 11, 12. First Tennessee provided the Plaintiffs with notice of the denial and identified the reason for the denial as "We do not grant credit under the terms and conditions requested – Not allowable for loan program." *Id.* at ¶ 13.

The Plaintiffs allege that this notice violated both the ECOA and the VECOA. The Plaintiffs bring claims under the ECOA and the VECOA on behalf of themselves as well as a similarly situated nationwide class and a similarly situated state-wide class. *Id.* at ¶¶ 20, 30. The Plaintiffs seek "declaratory and injunctive" relief and "punitive damages." *Id.* at ¶¶ 27, 37. The Plaintiffs also separately identify that they are seeking "damages, attorneys' fees and costs" "for themselves and on behalf of the defined classes." Compl. at 10, Prayer for Relief.

---

[2] For the purposes of this motion, First Tennessee accepts as true the allegations in the Plaintiffs' Complaint. First Tennessee reserves all rights to challenge the incompleteness or inaccuracy of these allegations at a later date.

## THE MOTION TO DISMISS STANDARD

A complaint (or any cause of action alleged therein) must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is warranted where a plaintiff's complaint fails to allege sufficient facts which, if true, would provide adequate grounds for his or her entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Although at this stage the court must presume all "factual allegations in the complaint to be true and accord[] all reasonable inferences to the non-moving party," it is not bound to accept as true "conclusory allegations regarding the legal effect of the facts alleged." *Westmoreland v. Brown*, 883 F. Supp. 67, 70 (E.D. Va. 1995) (quoting *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995)). Indeed, the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of [liability]." *Young v. City of Mt. Ranier*, 238 F. 3d 567, 577 (4th Cir. 2001).

## ARGUMENT

### I.   Plaintiffs' Complaint Fails To Meet Basic Pleading Requirements.

The bare bones, conclusory allegations in the Complaint are insufficient to adequately state a claim for relief under *Twombly* standards and require the dismissal of the Complaint. The Complaint contains very few allegations actually concerning the named Plaintiffs. Nearly the entirety of the substance and descriptive detail of Plaintiffs' allegations is that they applied for a loan refinance through HARP, that their application was denied, and that First Tennessee failed to provide a sufficient description of the reasons for its "adverse action." Compl. ¶¶ 7, 12-13.

These summary allegations do not state a claim for providing an improper adverse action notice because they do not establish that Plaintiffs had any right to an adverse action notice at all. In order to establish that First Tennessee had any duty to actually provide such a notice under the ECOA (or the VECOA), Plaintiffs must plead facts that demonstrate the ECOA (or VECOA) written notice requirements were triggered by First Tennessee's action.

The purpose of the ECOA is to prohibit a creditor from discriminating against borrowers based on their "race, color, religion, national origin, sex or marital status." 15 U.S.C. § 1691(a)(1). Among the ECOA's requirements is that if a lender takes an "adverse action" on certain credit applications it must provide the applicant with a written statement of the reasons for the denial of the application. § 1691(d)(2). For the purposes of the ECOA an "adverse action" includes a denial or revocation of credit. § 1691(d)(6). The Federal Reserve Board, which is responsible for the enforcement of the ECOA, has established through regulations, and a recent advisory letter, that adverse action notices are only necessary in connection with loan applications concerning a pre-existing account where *all* elements of a four-part test are satisfied: (a) there must be a request by a consumer for an extension of credit, (b) there must be a credit application "made in accordance with procedures used by a creditor for the type of credit requested," (c) there must be an "adverse action" on the application, and (d) the borrower must not be "delinquent or in default on the loan." Letter from Sandra F. Braunstein, Director of the Division of Consumer and Community Affairs, Federal Reserve Board (December 4, 2009) (available at http://www.federalreserve.gov/boarddocs/caletters/2009/0913/caltr0913.htm) (the "Braunstein Letter"), attached as *Exhibit 1*; *see also* 12 C.F.R. §§ 202.2(c), (f), & (q). Despite these requirements, the Complaint contains no allegations about the nature or sufficiency of the "application" the Plaintiffs submitted (part (b) of the test) and no allegations about the payment

4

status of the loan the Plaintiffs were attempting to refinance (part (d) of the test).  These failures mean Plaintiffs' conclusory allegations are insufficient to state a claim that they did not receive an adverse action notice to which they were entitled.

The Complaint's failure to allege more than that credit was denied does not recognize that not every denial of credit constitutes an "adverse action."  The Federal Reserve's Letter, which details the elements that must be present to trigger an adverse action notice requirement, was issued, in part, as a result of confusion over whether the denial of a loan modification application *per se* constitutes an adverse action.  *Exhibit 1* at 1.  The unambiguous direction from the agency is that the adverse action notice requirement of the ECOA is only triggered where the four factors are present.  *Id.*  These factors necessarily form the bare minimum that a plaintiff must plead in order state a cognizable claim that a creditor violated the adverse action notice requirement in connection with an application concerning a pre-existing account, including a refinance.

The Complaint does not meet this admittedly minimal hurdle because it entirely fails to address either the nature of the Plaintiffs' application or the status of the Plaintiffs' loan.  First, to state the type of claim they want to pursue, the Plaintiffs' must provide sufficient factual detail in their Complaint to demonstrate that they submitted "an oral or written request for an extension of credit [] *in accordance with procedures used by a creditor for the type of credit requested*."  12 C.F.R. § 202.2(f) (emphasis supplied).  The only allegation in the Complaint is that "the Plaintiffs applied for a refinance of their mortgage pursuant to the Home Affordable Refinance Program (HARP)…."  Compl. § 7.  Without more detail, this is insufficient.

Faced with an adverse action claim with even more detailed application allegations, a federal court recently dismissed the complaint based on the plaintiffs' failure to attach their

5

modification application or otherwise allege facts to indicate the application met the specific requirements of the creditor. *Lilley v. JPMorgan Chase Bank*, No. 2:10-CV-483 TS, 2010 WL 4392561, at *3 (D. Utah Oct. 28, 2010). After rejecting certain "bare assertions" by the plaintiffs under the *Iqbal*-standard, the court reasoned

> [t]he remaining facts alleged are that the [plaintiffs] applied for modified terms of their loan through a lengthy fax and that a JPMorgan employee verbally approved the modification. While these facts come close to nudging the claims "across the line from conceivable to plausible," they fall short by not alleging that the fax constituted an application according to JPMorgan's established norms. The Court notes that a copy of the fax was not attached as an exhibit to the Complaint. Thus, as far as the Complaint is concerned, the fax could have been made up of any combinations of writings, and the ECOA requires that an application be "made in accordance with procedures used by a creditor for the type of credit requested."

*Id.* For this same reason, the Plaintiffs' Complaint also fails. *See also, Sanders v. Ethington*, No. 2:10-cv-00183DAK, 2010 WL 5252843, at *4 (D. Utah Dec. 16, 2010)(granting motion for judgment on the pleadings on adverse action lack of written notice claim because plaintiffs' conclusory allegations did not support that a "completed application" was submitted.)

Second, the Plaintiffs are also required to plead facts as to whether their loan was in default or delinquent. If a loan is delinquent or in default, it is impossible for a creditor to take an "adverse action" in connection with a credit request relating to that loan and so the written notice requirement of the ECOA does not apply. Braunstein Letter, *Exhibit 1*; 12 C.F.R. §§ 202.2(c)(2)(ii), 202.2(q); Va. Code Ann. § 6.2-500; *see also Howard v. Brim*, No. 3:06-CV-70, 2006 WL 4757828, at *5 (W.D.N.C. June 8, 2006) (no adverse action where plaintiffs had existing account in default and request for additional credit was denied). Plaintiffs' Complaint is devoid of any such affirmative allegation that their loan was not in default or delinquent. Thus,

Plaintiffs' Complaint fails a *Twombly* analysis because it provides no facts as to this threshold issue.

The VECOA claims are similarly deficiently plead, as the VECOA is directly derivative from the ECOA and necessarily subject to the exact same adverse action limitations and pleading requirements.[3]  Additionally, no VECOA claim exists where a defendant has complied with the ECOA.  Va. Code Ann. § 6.2-508.

In sum, the Plaintiffs' Complaint must be dismissed in its entirety because it fails to state a plausible claim that they were entitled to an adverse action written notice at all.

## II.     The Plaintiffs' Complaint Should Be Dismissed Because It Does Not Allege That They Are Members of a Protected Class.

Even if they had stated a claim, the Plaintiffs cannot bring claims under either the ECOA or the VECOA because they do not claim to be members of a statutorily-protected class.  The purpose of both the ECOA and the VECOA is to bar discrimination by lenders "on the basis of race, color, religion, national origin, sex or marital status."  15 U.S.C. § 1691(a)(1); Va. Code. Ann. § 6.2-501(A)(1).  Not only do the Plaintiffs not claim to have been discriminated against for one of these reasons, they do not even claim to be members one of these classes protected by the statute.  The Plaintiffs have no private cause of action under either the ECOA or the VECOA because they are not entitled to the statutes' protections.

A consumer who does not claim to be a member of a protected class cannot bring a claim for violation of the ECOA's written notice requirement.  *Midkiff v. Adams County Reg'l Water Dist.* 409 F.3d 758, 771-773 (6th Cir. 2005).  In *Midkiff,* the Sixth Circuit affirmed the lower

---

[3]     *See e.g.* Va. Code Ann. 6.2-500 ("[Adverse Action] does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.")

court's denial of leave for plaintiffs to add an ECOA claim where the plaintiffs did not qualify for ECOA protection as members of a protected class. *Id*. In this case, the Midkiffs had sought leave to amend their complaint to add a cause of action alleging they had not been provided with adequate notice of adverse action under the ECOA. *Id.* In reaching its decision that allowing such an amendment would be futile, the Sixth Circuit concluded that "the Proposed Complaint does not allege discrimination against Mr. or Mrs. Midkiff on the basis of any protected class of which either of them might be a member." *Id.*  As a result, the denial of leave to amend was appropriate, the court concluded,  because the amendment "could not withstand a motion to dismiss." *Id.*  Other district courts have reached the same result, dismissing ECOA claims where the plaintiffs have not alleged that they were members of a class intended to be protected by the statute. *Yoder v. Waterfield Financial Corp.*, No. 1:05-cv-407, 2007 WL 614200, at *20-24 (W.D. Mich. Feb. 3, 2007)(dismissing husband and wife's ECOA claims, including claim for failure to provide adverse action notice, "because they do not claim to be members of a protected class"); *Manire v. Amer. Equity Mortg., Inc.*, No. 04-60278, 2005 WL 2173679, at *3 (E.D. Mich. Sept. 6, 2005) (dismissing plaintiff's failure to provide sufficient adverse action notice claims because, in part, "Plaintiff has failed to allege discrimination as required by the ECOA."); *see also Steigerwald v. Bradley*, 136 F. Supp. 2d 460, 469, fn. 10 (D. Md. 2001) ("the plaintiffs are not entitled to relief under the [ECOA] because they are not members of a protected class."); *but see Polis v. Amer. Liberty Fin., Inc.*, 237 F. Supp.2d 681, 688 (S.D. W. Va. 2002) (holding plaintiff need not be member of protected class to bring an ECOA claim based on insufficient written notice).

   In this case, the Plaintiffs make no claim in the Complaint to be members of any protected class.  Indeed, their class definitions demonstrate that they seek to represent "[a]ll

natural persons," not just those applicants entitled to protection under the statute. Compl. ¶ 30. Accordingly, the Plaintiffs' ECOA and VECOA claims fail in the absence of any connection to a protected class or any allegation of discriminatory behavior.

### III. The VECOA Cause of Action is Barred By Statute

Since the Plaintiffs seek relief under both the ECOA and the VECOA, their VECOA claims fail. In their Prayer for Relief, Plaintiffs seek "damages, attorneys' fees and costs" for their claims on behalf of "themselves and on behalf of the defined classes."[4] As a matter of law, Plaintiffs cannot seek a monetary recovery under both the ECOA and the VECOA. The VECOA provides:

> Where the same act or omission constitutes a violation of this chapter and of applicable federal law, a person aggrieved by such conduct may bring a legal action to recover monetary damages either under this chapter or under federal law, but not both.

Va. Ann. Code § 6.2-512.[5] By statute, this is an "election of remedies" requirement. *Id.*

The plain language of the Complaint leaves no doubt that Plaintiffs' ECOA and VECOA claims are based on the same "act or omission." *Compare* Compl. ¶ 19 with ¶ 29 (identifying identical grounds for the ECOA and VECOA claims). The VECOA, however, prohibits an attempt, such as the one made by the Plaintiffs, to seek double or even alternative recovery. Plaintiffs' VECOA claims must be dismissed.

---

[4] Although paragraph 27 of the Complaint seeks "declaratory and injunctive relief" for the ECOA claims, it appears from Plaintiffs' ultimate Prayer for Relief that they are seeking a monetary award for all their claims and for all the putative class members in both classes. *See* Compl. at 10, Prayer for Relief.

[5] Previously codified as Va. Code. Ann. § 59.1-21.28.

9

**CONCLUSION**

For the reasons stated herein, First Tennessee, by counsel, respectfully requests that this Court enter an Order dismissing the Complaint in its entirety and granting such other further relief as it deems appropriate.

FIRST TENNESSEE BANK NATIONAL ASSOCIATION

/s/ Matthew S. Sheldon

Thomas M. Hefferon (VA Bar # 46284)
thefferon@goodwinprocter.com
Matthew S. Sheldon (VA Bar # 73724)
msheldon@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
*Counsel for First Tennessee Bank National Association*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of January, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Kristi N. Cahoon (VA Bar #72791)
kkelly@smillaw.com
J. Chapman Petersen (VA Bar # 37225)
SUROLL MARKLE ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
*Counsel for Plaintiffs*

Leonard B. Bennett (VA Bar #37523)
lenbennett@cavtel.net
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
*Counsel for Plaintiffs*

    /s/ Matthew S. Sheldon

    Thomas M. Hefferon (VA Bar # 46284)
    thefferon@goodwinprocter.com
    Matthew S. Sheldon (VA Bar # 73724)
    msheldon@goodwinprocter.com
    GOODWIN PROCTER LLP
    901 New York Ave., NW
    Washington, D.C. 20001
    Telephone: (202) 346-4000
    Facsimile: (202) 346-4444
    *Counsel for First Tennessee Bank National Association*