IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| DAVID CONLEY and KATRINE VAN DIJK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No. 1:10cv1247 (TSE/JFA) |
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, | ) ) ) ) |
| Defendant. | ) ) |

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Order entered by

this Court on January 10, 2011, counsel of record for Defendant First Tennessee Bank National

Association ("First Tennessee" or "Defendant") and Plaintiffs David Conley and Katrine Van

Dijk ("Plaintiffs") submit this Joint Discovery Plan in advance of the Initial Pretrial Conference

to be held on February 2, 2011.

Unless specifically noted otherwise, First Tennessee and Plaintiffs agree as follows:

1.   **RULES 26(F) CONFERENCE**:

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred to formulate this Joint Discovery Plan.

2.   **DISCOVERY DEADLINES**:

The parties anticipate that this matter presents unique scheduling requirements because of its

status as a class action involving a putative nationwide class.

The parties request that discovery in this matter be conducted in phases so as to facilitate

early resolution of the certification issues.  The parties request that initial discovery should be

limited to discovery about Plaintiffs' individual claims and the class action requirements of Fed.

R. Civ. P. 23 ("Phase I Discovery"), including the requirements of numerosity, commonality, predominance and superiority. The parties request that merits related discovery ("Phase II Discovery"), including expert and fact discovery concerning absent class members' claims, should be deferred until after the Court's ruling on class certification and class notice.

The parties believe that class certification is a threshold issue that should be decided early on in the litigation, as it will determine the scope of the case, promote settlement discussions, and help the parties and the Court manage the case most effectively and efficiently. *See* Fed. R. Civ. P. 23(c)(1) (stating that the court should decide certification "[a]t an early practicable time" after commencement of a case filed as a class action); *see also* Manual for Complex Litigation, § 21.04 (4th Ed.) (stating that "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations.").

The parties propose that the parties schedule a date at this time that, depending on the Court's decision on class certification, can either be used: (i) if the motion is granted, as a status conference for the parties and the Court to address issues related to notice to the class, the appropriate scope and extent of Phase II discovery and the date for the trial of class claims, or (ii) if the motion is denied, as a Second Pre-Trial Conference to schedule the remaining merits discovery for the trial only of the named Plaintiffs' individual claims.

The parties propose the following deadlines:

    a.      **Completion of Phase I Discovery**: May 13, 2011

    b.      **Plaintiffs' Motion for Class Certification**: June 15, 2011

    c.      **Defendant's Opposition to Class Certification**: July 15, 2011

    d.      **Plaintiffs' Reply In Support of Class Certification**: July 29, 2011

    e.      **Status Conference/ Pre-Trial Conference**: September 9, 2011

3.    **EXPERT DISCLOSURES**:

Expert discovery on issues relevant to class certification shall be conducted according to the following schedule:

    a.    **Plaintiffs' Fed. R. Civ. P. 26(a)(2)(B) Disclosures**: March 4, 2011

    b.    **Defendant's Fed. R. Civ. P. 26(a)(2)(B) Disclosures**: April 8, 2011

    c.    **Plaintiffs' rebuttal Disclosures**: April 22, 2011

    d.    **Completion of Expert Discovery**: May 20, 2011

This does not limit the ability of the parties to designate experts on issues other than class certification after class certification is decided, nor does this limit disclosure requirements or discovery concerning those experts on their merits opinions.

4.    **INITIAL DISCLOSURES**:

The parties will exchange initial disclosures under Rule 26(a)(1) on or before **February 18, 2011.**

5.    **PRESERVATION OF DISCOVERABLE INFORMATION**:

Both parties understand the importance of preserving discoverable information.  Based upon their current investigation, both parties believe they have taken reasonable steps to preserve all such information to the extent required by applicable law.

6.    **ELECTRONICALLY STORED INFORMATION**:

Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests. Plaintiffs' position is that documents produced in electronic form should be produced in native format unless agreed otherwise by the receiving party and/or unless it is unreasonably cumbersome or expensive to do so.  Defendant's position is that documents produced in

electronic form should be produced in single page TIFF format unless agreed otherwise by the receiving party and/or unless it is unreasonably cumbersome or expensive to do so. If any dispute arises between the parties on this issue during the course of discovery, the parties agree to meet and confer and attempt to resolve it in good faith before presenting the issue to the Court.

7.      **CLAIMS OF PRIVILEGE & PROTECTION OF TRIAL MATERIAL**:

Both parties anticipate that a Protective Order will be necessary in this matter to protect the confidentiality of the personal information of the named plaintiffs and the absent class members, as well as the confidential business records and practices of First Tennessee. The parties will confer on such a Protective Order, which will include procedures for asserting claims of privilege or protection, and submit a proposed order, or alternative proposed orders, to the Court upon the exchange of initial disclosures.

8.      **SERVING AND FILING PLEADINGS**:

All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the parties agree that each has the option to serve by e-mail all discovery requests, written responses, and any other papers that are not filed with the Court. The serving party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file. For purposes of calculating response deadlines, any emailed document will be treated as having been sent via regular mail. If transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the parties.

9.   **PROTECTIVE ORDER**:

As addressed above, the parties have agreed to work together to agree on a form for a

Protective Order and shall comply with the requirements of Virginia Dep't of State Police v. The

Washington Post, 386 F.3d 567 (4th Cir. 2004) and Ashcraft v. Conoco, 218 F.3d 282 (4th Cir.

2000).

10.   **MAGISTRATE JUDGE**:

The Plaintiff consents to a trial before a United States Magistrate Judge.  The Defendant does

not consent to a trial before a United States Magistrate Judge.

11.   **SETTLEMENT**:

The parties have discussed the potential for a mediation in this matter and have agreed to re-

address the issue once sufficient investigation has taken place to determine the nature and basis

of their claims and defenses and the possibilities for promptly settling or resolving the case.

12.   **DISCOVERY LIMITATIONS**:

Other than the discovery issues addressed elsewhere in this Joint Discovery Plan, the parties

do not currently anticipate needing to modify the discovery limitations provided by the Federal

Rules of Civil Procedure for Phase I discovery.

13.   **OTHER MATTERS**:

   a.  **Third-Party Subpoenas**: Any party who receives documents from a third-party

       pursuant to a subpoena will re-produce those documents to all other parties within

       five (5) business days.  Where re-production of documents within five business

       days is not possible, the party who received the documents will provide prompt

       notice to all other parties and the issue will be resolved on a case-by-case basis.

b. **Discovery Requests**: The parties agree to exchange electronic copies of discovery requests in Word format, along with copies on paper or in .pdf format.

c. **Amended Pleadings**: Amended pleadings, including adding additional parties, may be filed without leave of Court on or before **February 28, 2011**. Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause, unless the parties otherwise agree.

d. **Jury Demand**: A jury trial has been demanded by Plaintiffs.  The Defendants do not concede that this is a jury triable case.

**SO STIPULATED**

 Dated:  January 28, 2011.


FIRST TENNESSEE BANK NATIONAL ASSOCIATION

/s/ Matthew S. Sheldon

Thomas M. Hefferon (VA Bar # 46284)
thefferon@goodwinprocter.com
Matthew S. Sheldon (VA Bar # 73724)
msheldon@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
*Counsel for First Tennessee Bank National Association*

DAVID CONLEY AND KATRIEN VAN DIJK

/s/ Leonard B. Bennett

Leonard B. Bennett (VA Bar #37523)
lenbennett@cavtel.net
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
*Counsel for Plaintiffs*


Kristi N. Cahoon (VA Bar #72791)
kkelly@smillaw.com
J. Chapman Petersen (VA Bar # 37225)
SUROLL MARKLE ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:


Kristi N. Cahoon (VA Bar #72791)
kkelly@smillaw.com
J. Chapman Petersen (VA Bar # 37225)
SUROLL MARKLE ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285

Leonard B. Bennett (VA Bar #37523)
lenbennett@cavtel.net
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

*Counsel for Plaintiffs*


/s/ Matthew S. Sheldon

Thomas M. Hefferon (VA Bar # 46284)
thefferon@goodwinprocter.com
Matthew S. Sheldon (VA Bar # 73724)
msheldon@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
*Counsel for First Tennessee Bank National Association*