IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

|  |  |  |
|---|---|---|
| DAVID CONLEY and KATRINE VAN DIJK, | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv1247 (TSE/JFA) |
| | ) | |
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiffs David Conley and Katrine Van Dijk ("Plaintiffs") seek to recover under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"), and the Virginia statutory equivalent, Va. Code. Ann. § 6.2-500 *et seq.*, despite the fact that they are not members of any protected class and they have not adequately alleged they were entitled to receive notice of an adverse action under these statutes. Defendant First Tennessee Bank, N.A. ("First Tennessee") has moved the Court for dismissal based on these deficiencies.

Plaintiffs' Memorandum in Opposition (the "Opposition") attempts to cure the pleading deficiencies in the Motion, effectively conceding that the Complaint was deficient as to critical elements. The Opposition also concedes First Tennessee's third point, that they must make an election of statutory remedies, and Plaintiffs make that election in their brief. First Tennessee suggests, in light of these concessions, the Motion be allowed as to those arguments and a supplemental pleading ordered (if the case otherwise survives). The remaining argument, whether the statute applies to non-minority consumers, is one on which the parties disagree; for

the reasons set forth previously and in this brief, First Tennessee's position, consistent with the Sixth Circuit Court of Appeals' decision on this issue, should be adopted and the case dismissed.

**I.      Plaintiffs Do Not Allege Elements Critical to Their Claims.**

The Motion to Dismiss seeks dismissal of the Plaintiffs' claims because the Complaint does not allege either that the Plaintiffs were in good standing on their loan as of the submission of their application or that their application was completed in accordance with First Tennessee's procedures.  The Opposition argues that neither of these elements must be affirmatively plead, and that, in any event, the Plaintiffs' non-default can be inferred from the Complaint and that the application was complete.  Opposition at *8-15.

Plaintiffs' lengthy argument that the lack of default and completion of the application are not necessary elements of their claims is wrong.  The Opposition argues that while the Federal Reserve Board's December 2009 advisory letter (the "Braunstein Letter") states such requirements, it does not apply here because the Plaintiffs applied for a refinance, and the letter dealt with modifications.[1]  Opposition at *9-14.  Although the Braunstein Letter was issued in regard to questions concerning loan modifications, its factors are equally applicable to all loan applications concerning a pre-existing account, which is the type of application at issue in the Complaint.  Compl. ¶ 7; Opposition at *2.  Whether judged under the Braunstein factors or the ECOA regulations themselves, both lack of default and the making of a complete application are required in order to state a claim of entitlement to statutory notice; the Braunstein factors are taken directly from ECOA regulations:

1.  There must be a request by a consumer for an extension of credit.

---

[1]      Letter from Sandra F. Braunstein, Director of the Division of Consumer and Community Affairs, Federal Reserve Board (December 4, 2009) (available at http://www.federalreserve.gov/boarddocs/caletters/2009/0913/caltr0913.htm).

      a. This requirement stems from the definitions of "credit" and a "credit transaction," which are universal to all ECOA claims.  12 C.F.R. § 202.2(j) & (q).

2. There must be a credit application "made in accordance with procedures used by a creditor for the type of credit requested."

      a. This requirement is, again, directly out of regulations that are applicable to all ECOA claims.  12 C.F.R. § 202.2(f).  *See also* FRB Official Staff Commentary, 12 C.F.R. § 202.2(f)-1 (allowing a creditor "to establish its own application process and to decide the type and amount of information it will require from credit applicants.")

3. There must be an "adverse action" on the application.

      a. Another fundamental ECOA requirement.  12 C.F.R. § 202.2(c)(1)(i).

4. The borrower must not be "delinquent or in default on the loan."

      a. This factor is true for all loan applications concerning a pre-existing account, including the Plaintiffs' application to First Tennessee to refinance their First Tennessee loan.  12 C.F.R. § 202.2 (c)(2)(ii).

Because the Plaintiffs applied to First Tennessee to refinance a pre-existing account, their Complaint must allege that they met all four parts of the Braunstein test, which it does not do.

First, the Complaint cannot be fairly read to allege the Plaintiffs were not in default and such an allegation is required to state a claim that an adverse action notice was triggered.  The Opposition relies on the following two paragraphs as having constructively plead that the Plaintiffs were not in default:

       7.     On or about August 11, 2010, the Plaintiffs applied for a refinance of their mortgage pursuant to the Home Affordable

Refinance Program (HARP) with the Defendant for the purpose of obtaining a fixed rate mortgage.

8.      HARP was enacted to allow homeowners who are underwater, but current on their mortgage payments, to refinance into a loan for the current market value of their property.

Compl. ¶¶ 7-8; Opposition at *8.  Even a generous reading of these allegations does not equate to a statement that the Plaintiffs were not in default.  Instead, these paragraphs make two assertions that are never connected: (a) the Plaintiffs applied for a HARP refinance, and (b) HARP allows refinances in certain cases where applicants are current on their loans.  The Opposition does not squarely deny that if a debtor applies to refinance an existing loan obligation with the same creditor, and the debtor is delinquent on that loan, no adverse action notice is required.  12 C.F.R. §§ 202.2(c)(2)(ii), 202.2(q); Va. Code Ann. § 6.2-500.  This is not a case where a plaintiff has alleged that she applied for a loan with a creditor with whom she had no prior relationship. The Plaintiffs wanted First Tennessee to refinance a loan they originally received from First Tennessee.  Compl. ¶ 7; Opposition at *2.  The Plaintiffs are correct that they are not required to plead sufficient facts to defeat every conceivable defense, but where their claim is based on not having received a notice only required in certain circumstances for applications on pre-existing accounts, they must at least plead facts sufficient to demonstrate that they were entitled to this notice.[2]

Second, Plaintiffs do not plead that their loan application was submitted in accordance with First Tennessee's procedures.  The Opposition argues that whether or not a completed application was submitted is a factual question, not a pleading requirement.  First Tennessee agrees it is a fact question, but pleading the existence of that fact is necessary.  *Lilley v.*

---

[2]      This requirement holds particular resonance in a class action case such as this where the Plaintiffs' ability to represent a putative class hinges on their entitlement to receive notice under the ECOA.

*JPMorgan Chase Bank*, No. 2:10-CV-483 TS, 2010 WL 4392561, at *3 (D. Utah Oct. 28, 2010)

(dismissing complaint where pleadings did not allege that an application was "'made in

accordance with procedures used by a creditor for the type of credit requested.'") (quoting 12

C.F.R. § 202.2(f)); *Sanders v. Ethington*, No. 2:10-cv-00183DAK, 2010 WL 5252843, at *4 (D.

Utah Dec. 16, 2010)(granting motion for judgment on the pleadings on adverse action lack of

written notice claim because plaintiffs' conclusory allegations did not support that a "completed

application" was submitted.)

 Plaintiffs argue, alternatively, that their application *was* complete because First

Tennessee treated is as complete by responding to it by sending an adverse action notice.

Opposition at *15.  If that is Plaintiffs' position, then they should have alleged it because

compliance with the creditor's procedures for an application is a necessary precondition to

having a right to receive a credit decision (and, if the decision is adverse, a notice of adverse

action).  While First Tennessee does not agree with Plaintiffs' apparent position that any

application as to which a notice is sent is deemed to have been completed, for pleading purposes

Plaintiffs' brief has supplied the missing allegation of completeness.

 With respect to the two missing elements of the prima facie case, then, Plaintiff has now

alleged both that they were not in default and that their application was complete.  First

Tennessee suggests that the Court simply grant the Motion in this respect so Plaintiff can file a

supplement to the Complaint to allege those elements expressly, and, if the case otherwise

survives, First Tennessee will answer it.

 In the absence of such a supplement, the Plaintiffs have not plead sufficient facts to

demonstrate that they were entitled to receive an adverse action and their claim must be

dismissed.

**II.      The Plaintiffs Are Not Members of Any Class Protected by the ECOA.**

The Motion to Dismiss seeks dismissal of the Complaint because Plaintiffs are not

members of a class protected by the ECOA or the VECOA, the statutes under which they seek

recovery.  This requirement has been recognized by the Circuit Court of Appeals and district

courts in the Sixth Circuit, which have dismissed § 1691(d) ECOA notice claims brought by

individuals who were not members of a protected class member.  *See Yoder v. Waterfield*

*Financial Corp.*, No. 1:05-cv-407, 2007 WL 614200, at *20-24 (W.D. Mich. Feb. 3,

2007)(dismissing husband and wife's ECOA claims, including claim for failure to provide

adverse action notice, "because they do not claim to be members of a protected class"); *Midkiff v.*

*Adams County Reg'l Water Dist.* 409 F.3d 758, 771-773 (6th Cir. 2005) (affirming denial of

leave to add ECOA claims, including claim that "no formal notice of adverse action on a credit

application was provided," because they do "not allege discrimination … on the basis of any

protected class of which either of them might be a member.")

The Opposition, which argues this standard should not be applied, is correct to the extent

it highlights that there is a conflict among the Circuit Courts as to whether a plaintiff need be a

member of a protected class to bring suit under §1691(d) of the ECOA.  Other courts, including

the Fifth Circuit Court of Appeals, have reached the opposite conclusion from *Yoder* and *Midkiff*.

*See Jochum v. Pico Credit Corp.*, 730 F.2d 1041, 1043 n. 3 (5th Cir. 1984).  The Fourth Circuit

has not yet addressed the split, and only two district court decisions within the Fourth Circuit

appear to have discussed the issue:  A decision out of the Southern District of West Virginia

sided with the Fifth Circuit and found there to be no membership requirement, and a decision out

of the District of Maryland suggested, in a footnote, that membership in a protected class may be

required.  *Polis v. Amer. Liberty Fin., Inc.*, 237 F. Supp.2d 681, 688 (S.D. W. Va. 2002) (holding

plaintiff need not be member of protected class to bring an ECOA claim based on insufficient written notice); *Steigerwald v. Bradley*, 136 F. Supp. 2d 460, 469, fn. 10 (D. Md. 2001) ("the plaintiffs are not entitled to relief under the [ECOA] because they are not members of a protected class.") (both cases cited in Mem. in Supp. of Mot. to Dismiss at *8).

The Opposition does not suggest that the Fourth Circuit or any federal court in Virginia has squarely considered the issue, only that the Sixth Circuit cases do not apply because they are not analogous.  Yet both *Midkiff* and *Yoder* involve plaintiffs who had asserted or were attempting to assert a claim that they had not been provided notice of an adverse action as required by the ECOA.   *Yoder*, 2007 WL 614200, at *20-24; *Midkiff*, 409 F.3d at 771-773.  In both cases, the plaintiffs were not allowed to make ECOA notice claims in the absence of allegations that they were members of a protected class.  *Id.*  If this Court chooses to follow the decisions in *Yoder* and *Midkiff*, this standard is equally fatal to Plaintiffs' claims because they do not allege to be members of a protected class.

## III.     Plaintiff's Election of Remedies Under the VECOA.

The Motion to Dismiss sought the dismissal of Plaintiffs' VECOA claim to the extent the Complaint attempted to seek monetary relief under both the federal ECOA and the VECOA. The Opposition recognizes that such an election of remedies is required and stipulates that Plaintiffs seek monetary damages under the VECOA only, and that their claims for relief under the federal ECOA request only declaratory and injunctive relief.

Based on this stipulation, the Motion to Dismiss should be granted to this extent and Plaintiffs should be directed to amend their Complaint to clarify their claims and relief.

**Conclusion**

For the reasons stated herein, First Tennessee, by counsel, respectfully requests that this Court enter an Order dismissing the Complaint in its entirety and granting such other further relief as it deems appropriate.

FIRST TENNESSEE BANK NATIONAL ASSOCIATION

/s/ Matthew S. Sheldon

Thomas M. Hefferon (VA Bar # 46284)
thefferon@goodwinprocter.com
Matthew S. Sheldon (VA Bar # 73724)
msheldon@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
*Counsel for First Tennessee Bank National Association*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Kristi N. Cahoon (VA Bar #72791)
kkelly@smillaw.com
J. Chapman Petersen (VA Bar # 37225)
SUROLL MARKLE ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
*Counsel for Plaintiffs*

Leonard B. Bennett (VA Bar #37523)
lenbennett@cavtel.net
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
*Counsel for Plaintiffs*

/s/ Matthew S. Sheldon

Thomas M. Hefferon (VA Bar # 46284)
thefferon@goodwinprocter.com
Matthew S. Sheldon (VA Bar # 73724)
msheldon@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
*Counsel for First Tennessee Bank National Association*