**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

```
------------------------------------------------------------x
                                                            )
DAVID CONLEY and KATRIEN VAN DIJK,                          )
                                                            ) Civil Action No. 1:10-cv-01247-TSE-JFA
                 Plaintiffs,                                )
                                                            )
         v.                                                 )
                                                            )
FIRST TENNESSEE BANK, N.A.,                                 )
                                                            )
                 Defendant.                                 )
------------------------------------------------------------x
```

**ANSWER**

Defendant First Tennessee Bank, N.A. ("First Tennessee") hereby answers the Complaint filed by Plaintiffs David Conley and Katrien Van Dijk. First Tennessee's responses are made without waiving, and expressly reserving, all rights that First Tennessee has to file dispositive motions addressed to some or all of the claims in the Complaint. Except as expressly admitted herein, all claims made in the Complaint are denied.

**PRELIMINARY STATEMENT**

1.  The allegations in the first sentence in Paragraph 1 of the Complaint state conclusions of law and are otherwise introductory and conclusory in nature, and therefore require no response. To the extent a response is required, First Tennessee states only that Plaintiffs purport to bring this action as alleged. In response to the allegations in the remainder of Paragraph 1, First Tennessee admits that it accepts consumer credit applications and issues adverse action notices in conformance with all applicable laws. Except as expressly admitted herein, First Tennessee denies all allegations in Paragraph 1.

## JURISDICTION

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, First Tennessee denies the allegations.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required.

## PARTIES

4. First Tennessee admits that David Conley is a natural person and communicated with First Tennessee concerning potential refinance of a loan. In further response, Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, it is denied.

5. First Tennessee admits that Katrien Van Dijk is a natural person and that David Conley communicated with First Tennessee concerning potential refinance of a loan. In further response, Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required to any remaining allegations, they are denied.

6. In response to Paragraph 6 of the Complaint, First Tennessee admits that it is a national bank. The remainder of Paragraph 6 contains conclusions of law to which no response is required.

## FACTS

7. In response to Paragraph 7 of the Complaint, First Tennessee admits that on or about August 11, 2010, Plaintiff David Conley inquired of First Tennessee about a potential refinance under the Home Affordable Refinance Program ("HARP") via telephone. First

Tennessee denies that a completed application was submitted by Mr. Conley. To the extent any remaining allegations require a response, they are denied.

8. First Tennessee admits that the allegations in paragraph 8 of the Complaint are a generally accurate description of HARP.

9. First Tennessee has no knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10. First Tennessee has no knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, First Tennessee affirmatively states that on or about August 11, 2010, Plaintiff David Conley inquired of First Tennessee about a potential refinance under HARP via telephone and that Mr. Conley's credit report was accessed in connection with the inquiry. First Tennessee denies that it used information from Mr. Conley's credit report to make a decision about terms and conditions of credit that would be made available to Mr. Conley.

12. In response to paragraph 12 of the Complaint, First Tennessee denies that Plaintiffs ever submitted a completed application for a HARP refinance. The second sentence of paragraph 12 is a conclusion of law to which no response is required. To the extent a response is required, it is denied.

13. The document referenced in paragraph 13 of the Complaint speaks for itself. To the extent any remaining allegations require a response, they are denied.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

15. The allegations in paragraph 15 of the Complaint are denied.

16. In response to paragraph 16 of the Complaint, First Tennessee denies that it has provided an inaccurate adverse action notice to numerous consumers. First Tennessee further denies that it has no procedures in place to avoid violations of the Equal Credit Opportunity Act (the "ECOA") and the Virginia Equal Credit Opportunities Act ("VECOA"). First Tennessee further denies that the referenced document and the content therein was as a result of a computerized systematic response to circumstances similar to that of the Plaintiffs. To the extent any remaining allegations require a response, they are denied.

### PRACTICES AND POLICIES OF NORTHERN [sic]

17. The allegations in paragraph 17 of the Complaint are denied.

### COUNT I: FEDERAL EQUAL CREDIT OPPORTUNITY ACT
### 15 U.S.C. § 1691(d)
### {"the ECOA Class Claim"}

18. First Tennessee reincorporates its answers to Paragraphs 1 through 17 above as if fully set out herein.

19. The allegations in paragraph 19 of the Complaint are denied.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required. First Tennessee specifically denies that any class should be certified.

21. The allegations in paragraph 21 of the Complaint are denied.

22. The allegations in paragraph 22 of the Complaint are denied.

23. The allegations in paragraph 23 of the Complaint are denied.

24. The allegations in paragraph 24 of the Complaint are denied.

25. The allegations in paragraph 25 of the Complaint are denied.

26. The allegations in paragraph 26 of the Complaint are denied.

27. The allegations in paragraph 27 of the Complaint are denied.

## COUNT TWO: VIRGINIA EQUAL CREDIT OPPORTUNITY ACT
### Code of Virginia § 59.1-21.21:1(D)
### {"the VECOA Class Claim"}

28. First Tennessee reincorporates its answers to Paragraphs 1 through 27 above as if fully set forth herein.

29. The allegations in paragraph 29 of the Complaint are denied.

30. The allegations in paragraph 30 of the Complaint are conclusions of law to which no response is required.  First Tennessee specifically denies that any class should be certified.

31. The allegations in paragraph 31 of the Complaint are denied.

32. The allegations in paragraph 32 of the Complaint are denied.

33. The allegations in paragraph 33 of the Complaint are denied.

34. The allegations in paragraph 34 of the Complaint are denied.

35. The allegations in paragraph 35 of the Complaint are denied.

36. The allegations in paragraph 36 of the Complaint are denied.

37. The allegations in paragraph 37 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted, including because the Plaintiffs are not members of any protected class under either the VECOA or the ECOA.

### SECOND DEFENSE

2. This case is not appropriate for certification as a class action under Fed. R. Civ. P. 23, and all putative class allegations and putative class claims should be stricken or dismissed.

### THIRD DEFENSE

3. Plaintiffs lack standing to assert the claims, in whole or in part.

### FOURTH DEFENSE

4. Plaintiffs' claims and/or the claims of absent putative class members are barred, in whole or in part, by estoppel.

### FIFTH DEFENSE

5. Plaintiffs lack standing to pursue their claims for injunctive relief because there is no risk of future injury.

### SIXTH DEFENSE

6. Plaintiffs have not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the alleged conduct of First Tennessee.

### SEVENTH DEFENSE

7. With respect to absent class members, in the event Plaintiffs are allowed to pursue class certification, First Tennessee reserves all affirmative defenses and claims, including but not limited to the defenses of lack of personal or subject matter jurisdiction and/or that their claims may be barred by the principles of res judicata, collateral estoppel, claim preclusion, judgment, or waiver or similar concepts.

### EIGHTH DEFENSE

8. To the extent Plaintiffs seek relief by way of a class action, there are limitations on total awards available under the ECOA in the case of a class action, as set forth in 15 U.S.C. § 1691e(b), which limit the recovery in this case. In addition, to the extent the class as plead is an

impermissible attempt to evade the statutory caps, First Tennessee reserves the right to oppose the scope of the certification order (if any) as being geographically limited in scope.

### NINTH DEFENSE

9. The claims of Plaintiffs and/or the absent putative class members claims are barred, in whole or in part, by their failure to submit a completed application.

### TENTH DEFENSE

10. The claims of Plaintiffs and/or the absent putative class members claims are barred, in whole or in part, by their withdrawal of their credit application.

### ELEVENTH DEFENSE

11. The claims of Plaintiffs and/or the absent putative class members claims are barred, in whole or in part, by their having been in default or sufficiently delinquent on a pre-existing account sought to be refinanced with First Tennessee.

### TWELFTH DEFENSE

12. The claims of the Plaintiffs are barred because the challenged conduct was done in good faith conformity with rules, regulations or interpretations thereof by the Federal Reserve Board or an officer or employee duly authorized by the Board to issue such interpretations or approvals.

### THIRTEENTH DEFENSE

13. To the extent not already resolved by stipulations by the Plaintiffs, the Plaintiffs are unable to seek or recover monetary damages under both the ECOA and the VECOA, as defined in the Complaint.

### FOURTEENTH DEFENSE

14. The VECOA claims of the Plaintiffs are barred because at all times the Defendant was in compliance with the ECOA.

## FIFTEENTH DEFENSE

15. The claims of the Plaintiffs are barred because the Defendant is not alleged to have committed any discrimination prohibited by either the VECOA or the ECOA.

## SIXTEENTH DEFENSE

16. The claims of the Plaintiffs are barred because any error in the provision of adverse action notifications by the Defendant would have been an inadvertent error and unintentional.

## SEVENTEENTH DEFENSE

17. The Plaintiffs cannot recover punitive damages in this matter because they have not suffered any actual damages.

## EIGHTEENTH DEFENSE

18. The Plaintiffs cannot recover punitive damages in this matter because any error in the provision of adverse action notifications by the Defendant would have been unintentional.

## NINETEENTH DEFENSE

19. The Plaintiffs cannot recover punitive damages in this matter because any compliance failures by the Defendant would have been infrequent and inconsistent.

## TWENTIETH DEFENSE

20. The Plaintiffs cannot recover punitive damages in this matter because any error in the provision of adverse action notifications would have adversely affected an inadequate number of persons.

## **TWENTY-FIRST DEFENSE**

21. First Tennessee hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

WHEREFORE, having fully answered the Complaint, First Tennessee prays as follows:

1. That the Complaint be dismissed with prejudice;

2. That First Tennessee be awarded its costs and disbursements herein, and a reasonable attorneys' fee, to be taxed or awarded as provided by law;

3. That First Tennessee be awarded such other, further relief as this Court may deem appropriate.

Dated: February 25, 2011            FIRST TENNESSEE BANK, N.A.

                                                        /s/ Matthew S. Sheldon

                                             Thomas M. Hefferon (VA Bar # 46284)
thefferon@goodwinprocter.com
Matthew S. Sheldon (VA Bar # 73724)
msheldon@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
*Counsel for First Tennessee Bank, N.A.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 25th day of February, 2011, I filed the foregoing with the Court's CM/ECF system, which sent notice to the following individuals:

Kristi N. Cahoon (VA Bar #72791)
kkelly@smillaw.com
J. Chapman Petersen (VA Bar # 37225)
SUROLL MARKLE ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285

Leonard B. Bennett (VA Bar #37523)
lenbennett@cavtel.net
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

*Counsel for Plaintiffs*

     /s/ Matthew S. Sheldon

Thomas M. Hefferon (VA Bar # 46284)
thefferon@goodwinprocter.com
Matthew S. Sheldon (VA Bar # 73724)
msheldon@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
*Counsel for First Tennessee Bank, N.A.*