
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DAVID CONLEY AND KATRINE VAN DIJK,
individually and on behalf of all similarly
situated individuals,

    Plaintiffs,

Civil Action No.: 1:10CV1247-TSE-JFA

FIRST TENNESSEE BANK, N.A.,

    Defendants.

## ORDER ON FINAL PRE-TRIAL CONFERENCE

In conformity with Rule 23(e) and the local rules of practice for the United States District Court for the Eastern District of Virginia, Alexandria Division, it is ORDERED that:

I. The parties hereto agree upon a stipulation that this matter has been settled by compromise between the putative class Plaintiffs and the Defendant, subject to Court approval. The terms of the class action settlement are:

    a. Case is settled as a Rule 23(b)(3) opt-out class. The class will be defined as those persons who made an inquiry for credit to First Tennessee on or after November 1, 2008, and who thereafter received a written communication of the type received by plaintiffs in connection with the inquiry and received no other written communication from First Tennessee in connection with that inquiry.

It is estimated that the class includes 240 inquiries.

    b. Class members will give a special release of all claims and rights (under both federal and state law) related to the credit inquiry transactions, including all causes of action plead in the complaint. The release will benefit First Tennessee, its agents (including PHH Mortgage Corporation), and all corporations and persons related to either or who could be liable related to the subject credit inquiry.

    c. First Tennessee will agree not to use the form notice letter that was the basis for the lawsuit, or any similar notice letter.

d.  First Tennessee will conduct a further review of the 240 inquiries and use its reasonable best efforts to provide each consumer with a supplemental notice of adverse action. First Tennessee shall have no liability related to the supplemental notices of adverse action.

e.  First Tennessee will pay $90,000 as the total settlement fund. First Tennessee will not object to attorneys fees and costs from this fund to not exceed $ 20,000 (approximately 22%) and incentive and service awards not to exceed $5,000 for each Plaintiff.

f.  First Tennessee will administer the settlement and pay all costs of administration, as further clarified below. It will generate a class list based upon its best record of the consumer's address, updated through PHH and the NCOA database. Notice will be by mail, and notices returned with forwarding addresses identified will be re-mailed. First Tennessee will attempt to locate additional addresses for mail that is returned with no forwarding address identified, using skip tracing or other reasonable methods, provided its total obligation to do so shall not exceed 40 man-hours or $2500 in expense for all such efforts for this group collectively.

g.  Any checks that are uncashed shall first be used to defray First Tennessee's cost of administration. If funds remain, the money shall be distributed cy pres to a nonprofit homeownership preservation organization in Memphis, chosen by First Tennessee (and not affiliated with it) and approved by the court.

h.  Settlement will be subject to court approval, in accordance with rule 23 and upon submission of a motion for approval by plaintiffs. Pending that approval, all litigation activities and deadlines shall be stayed.

i.  Settlement documents will be consistent with these terms, and be in the form of a settlement agreement containing terms that address the ordinary details of procedures for settlement approval, of administration and of timing, and attaches forms for the mailed notice and orders. The documents shall be drafted by First Tennessee and will be subject to comment and approval by both parties, and will then be submitted to the court. Parties anticipate settlement documents will be complete in approximately thirty days (April 29, 2011).

II. Under Fed. R. Civ. P. 23(e), the Parties have agreed to and propose the following schedule for class notice and approval:

   a.  Plaintiffs shall file their Unopposed Motion for Preliminary Approval of Class Settlement, to include the executed proposed Settlement Stipulation, agreed proposed Rule 23(c) class notice, and agreed proposed Preliminary Approval Order, on or before May [10], 2011;

   b.  The Court will hear argument on the Unopposed Motion for Preliminary Approval of Class Settlement on or before May [20], 2011;

    c.    If Preliminary Approval is given, the Final Fairness Hearing shall be set on [August 18, 2011], with intervening deadlines for notice and for a period after notice of at least sixty (60) days for persons to opt out or to file objections, as provided in the Preliminary Approval Order that the Court enters;

    d.    The Parties shall file all briefs and motions regarding and in support of Final Fairness approval at least fourteen days prior to the Final Fairness Hearing.

ENTERED this 21st day of April 2011

/s/
T. S. Ellis, III
United States District Judge

SENIOR UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

MATTHEW J. ERAUSQUIN
(VA Bar # 65434)
*Consumer Litigation Associates, P.C.*
1800 Diagonal Road, Suite 600
Alexandria, Virginia 23606
(703) 273-6090 – Phone
(888) 8923512 - Facsimile

*Counsel for the Plaintiff*

THOMAS M. HEFFERON (VA Bar # 46284)
MATTHEW S. SHELDON (VA Bar # 73724)
*Goodwin Procter*
901 New York Ave., NW
Washington DC 20001
(202) 346-4000 - Phone
(202) 346-4444 - Facsimile

*Counsel for the Defendant*

LIBW/1779396.1

3