

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---------------------------------------------------------x
)
DAVID CONLEY and KATRIEN VAN DIJK, )
) Civil No. 1:10-cv-01247-TSE-JFA
)
Plaintiffs, ) ORDER PRELIMINARILY
) APPROVING SETTLEMENT,
v. ) PRELIMINARILY APPROVING
) CLASS FOR SETTLEMENT
FIRST TENNESSEE BANK, N.A., ) PURPOSES, AND WITH
) RESPECT TO CLASS NOTICE,
Defendant. ) COURT APPROVAL HEARING,
---------------------------------------------------------x AND ADMINISTRATION

Upon consideration of the Parties' Settlement Agreement dated May 10, 2011 (the "Settlement Agreement") IT IS HEREBY ORDERED AS FOLLOWS:

1. The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Settlement Agreement.

2. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Fed. R. Civ. P. 23(b)(3) of the Federal Rules of Civil Procedure, this Court hereby preliminarily approves the following settlement class ("Settlement Class"):

> All persons who submitted an application or credit inquiry, between November 1, 2008 and March 30, 2011, to First Tennessee Bank National Association for a mortgage loan and who thereafter received a written notice of adverse action in connection with the application or credit inquiry that stated, "We do not grant credit under the terms and conditions requested – Not allowable for loan program", and received no other written communication from First Tennessee in connection with the inquiry.

The communication received by Plaintiffs that is referenced in the definition is attached to Plaintiffs' Motion for Preliminary Approval. If, for any reason, the Settlement is not approved or does not become effective, this preliminary approval shall be null and void, the preliminary

certification shall be revoked, and the preliminary approval shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.      For settlement purposes only, and subject to further consideration at the Court Approval Hearing described in paragraph 12 below, the Settlement Class is preliminarily found to meet the requirements of Fed. R. Civ. P. 23 (a) and 23(b)(3).

4.      For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, David Conley and Katrien Van Dijk are preliminarily designated as representatives of the Settlement Class. The following attorneys are preliminarily appointed to represent the Settlement Class:

> Leonard A. Bennett
> Matthew Erausquin
> Consumer Litigation Associates, P.C.
> 12515 Warwick Blvd., Suite 201
> Newport News, VA 23606
> (757) 930-3660
>
> Kristi N. Cahoon
> J. Chapman Petersen
> Surovell, Isaacs, Petersen & Levy PLC.
> 4010 University Drive, 2nd Floor
> Fairfax, VA 22030
> (703) 277-9774

5.      Pursuant to Fed. R. Civ. P. 23, the Court finds that the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at paragraph 12 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6.      Pursuant to the terms of the Settlement Agreement, Defendant has prepared the Class Member List and provided it to Class Counsel. Within ten (10) days of the date of this

Order, and pursuant to the procedures detailed in the Settlement Agreement, Defendant shall cause the Settlement Administrator to provide notice of the Settlement and of the Court Approval Hearing to each Class Member by mailing to the address for the Class Member a copy of the Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit B. Before mailing, the Settlement Administrator shall fill-in all applicable dates and deadlines in the Class Notice to confirm with the dates and deadlines specified for such events in this Order.

7. If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 6 above is returned by the United States Postal Service as undeliverable, then the Settlement Administrator and Defendant shall comply with the terms of the Settlement Agreement for re-mailing and further attempts to locate Class Members.

8. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in the Action.

9. Any person in the Class who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than July 1, 2011. For an Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) state the person's full name, address and telephone number; (b) contain the person's personal and original signature(s) or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (c) unequivocally state the person's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or

3

to waive all right to the benefits of the Settlement. In those cases where persons in the Class jointly inquired about credit, either or both of the co-inquirers may opt out. Any person who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Settlement Agreement and the Class Notice, shall be bound by the Settlement Agreement, including the Release, as embodied in paragraphs 5.01 and 5.02 of the Settlement Agreement, and any Final Judgment entered in the Action. Further, any person who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

10. Any Class Member who is not a Successful Opt-Out and who wishes to object to the Settlement, in whole or in part, must mail or hand-deliver a written objection to the Settlement or Settlement Agreement ("Objection") to the Court, and contemporaneously mail it to Class Counsel and Counsel for the Defendant, so that it is on file with the Court no later than July 15, 2011. To be considered valid, each Objection must be timely (as judged by the filing deadline set forth above) and set forth the Class Member's full name, a statement of the legal and factual bases for the Objection, and provide copies of any evidence or documents that the Class Member wishes to submit in support of his/her objection(s). Any Class Member who does not submit a timely and valid Objection in complete accordance with this Order, the Class Notice and the Settlement Agreement may not be treated as having filed a valid Objection to the Settlement. Objections that are untimely and/or otherwise invalid may not be considered by this Court.

11. A final hearing (the "Court Approval Hearing") shall be held before the undersigned at __1:00__ a.m./p.m. on __August 12,__ 2011, in the United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA, 22314, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members who have not opted out should be bound by the Release set forth in the Settlement Agreement,

4

(d) whether Class Members who have not opted out should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) whether the Settlement Class should be finally certified, (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amounts to be awarded to Representative Plaintiffs for their service as class representatives, if any. This hearing may be postponed, adjourned, or continued by docketed order of the Court without further written notice to the Settlement Class.

12. Memoranda in support of the Settlement, applications for an Attorney Fee/Litigation Cost Award, and applications for a Class Representative Award to Representative Plaintiffs shall be filed with the Court no later than seven (7) days before the Court Approval Hearing.

13. Any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a notice of appearance in the Action, and contemporaneously mail or hand-deliver the notice to Class Counsel and Counsel for the Defendant, on or before July 22, 2011. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to raise. Further, except by leave of Court, no party shall be permitted to raise matters at the Court Approval Hearing that the party could have raised in a statement or other submission, but failed to raise.

14. Any Class Member who wishes to intervene in the Action or seek other relief from the Court must file with the Court, and contemporaneously mail or hand-deliver to Class Counsel and Counsel for the Defendant, an appropriate motion or application, together with all supporting pleadings or documentation, on or before July 22, 2011.

15. All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

16. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

17. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to the Action, and all Orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiffs or the Class Members that their claims lack merit or that the relief requested in these Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

18. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by the Defendant, who vigorously denies all of the claims and allegations raised in the Action.

19. Except as set forth in this Order and the Settlement Agreement, the Parties (and Plaintiffs' Counsel and Counsel for the Defendant) shall not issue or cause to be issued any public, mass, or generalized communications about the Settlement (other than disclosures required by law), whether by press release, advertisements, Internet postings, or any other means or media, without prior approval of the Court and/or the express written consent of the other Party. This shall not restrict Plaintiffs' counsel's communications with class members, in

responding to inquiries about the case or settlement or in instructing other attorneys at Continuing Legal Education programs.

Dated: _May 17_, 2011
Alexandria, Virginia

_____
T.S. Ellis, III
United States District Judge


_____
T. S. Ellis, III          /s/
United States District Judge

7