

AUG 1 8 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

---------------------------------------------------------------x
                                )

DAVID CONLEY and KATRIEN VAN DIJK,    )
                                )  Civil No. 1:10-cv-01247-TSE-JFA
                                )
           Plaintiffs,        )  FINAL ORDER AND
                                )  JUDGMENT APPROVING
      v.                     )  SETTLEMENT, CERTIFYING
                                )  SETTLEMENT CLASS, AND
FIRST TENNESSEE BANK, N.A.,       )  DISMISSING ACTION
                                )
          Defendant.        )
---------------------------------------------------------------x

This matter having come before the Court on August 12, 2011 upon the Motion of plaintiffs David Conley and Katrien Van Dijk (collectively, "Representative Plaintiffs"), individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement dated May 10, 2011 (the "Settlement Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Court Approval Hearing, and the submissions filed with this Court in connection with the Court Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1.     Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this Action in light of the factual, legal, practical and procedural considerations raised by this action. The Settlement Agreement is hereby incorporated by reference into this Final Order and Judgment Approving Settlement, Certifying Settlement Class, and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

2.       For settlement purposes only, the Settlement Class, as that term is defined in

Paragraph 1.19 of the Settlement Agreement, is found to meet the requirements of Fed. R. Civ.

P. 23(a) and (b)(3).

3.       Solely for the purpose of the Settlement and pursuant to Fed. R. Civ. P. 23(a)

and (b)(3), the Court hereby finally certifies the following Settlement Class:

> All persons who submitted an application or credit
> inquiry, between November 1, 2008 and March 30, 2011, to First
> Tennessee Bank National Association for a mortgage loan and
> who thereafter received a written notice of adverse action in
> connection with the application or credit inquiry that stated, "We
> do not grant credit under the terms and conditions requested –
> Not allowable for loan program", and received no other written
> communication from First Tennessee in connection with the
> inquiry.

4.       The Court specifically finds that:

a.       The Class is so numerous that joinder of all members is impracticable.

b.       There are questions of law or fact common to the Class.

c.       The claims of Representative Plaintiffs are typical of the claims of the

Class that Representative Plaintiffs seek to certify.

d.       Representative Plaintiffs and Plaintiffs' Counsel will fairly and

adequately protect the interests of the Class.

e.       The questions of law or fact common to members of the Class, and which

are relevant for settlement purposes, predominate over the questions

affecting only individual members.

f.       Certification of the Class is superior to other available methods for fair

and efficient adjudication of the controversy.

5.       The Court appoints David Conley and Katrien Van Dijk as representatives of the

Settlement Class, and finds that they meet the requirements of Fed. R. Civ. P. 23.

6.      The Court appoints the following lawyers as counsel to the Settlement Class, and finds that they meet the requirements of Fed. R. Civ. P. 23:

Leonard A. Bennett
Susan M. Rotkis
12515 Warwick Blvd., Suite 201
Newport News, VA 23606
(757) 930-3660

Matthew Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Road Suite 600
Alexandria, VA 22314

Kristi N. Cahoon
J. Chapman Petersen
Surovell, Markle, Isaacs & Levy, P.C.
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774

7.      As set forth in the Class Notice, this Court convened the Court Approval Hearing at 1:00 p.m. on August 12, 2011 in the United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22341. The parties appeared through their counsel. Counsel presented argument at that time.

8.      The Court finds that notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, the Court has jurisdiction over all Class Members. The Court further finds that all requirements of statute, rule, and the Constitution necessary to effectuate this Settlement have been met and satisfied.

9.      Pursuant to Fed. R. Civ. P. 23(e), the Court has considered whether the Settlement, as set forth in the Settlement Agreement, should be approved under the fairness standards set forth in *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991). The Court finds that the Settlement was reached as a result of good faith bargaining at arm's length, without collusion, on the basis of (1) the posture of the case;

(2) the formal and informal discovery that has been reported to the Court as having been conducted; (3) the fact that negotiations were conducted through a lengthy mediation session conducted by Magistrate Judge John Anderson of this Court, which was preceded by the exchange of mediation statements; (4) the expertise of both parties' counsel in the area of consumer financial services class action litigation; and (5) the other facts of record. Further, the Court finds that the Settlement is more than adequate and reasonable in its terms after due consideration of (1) the relative strength of plaintiffs' case on the merits, including the likelihood of success at trial and the range of the possible recovery; (2) the difficulties of proof and defenses faced by plaintiffs, including the existence of defenses to the request that the case be certified as a class action; (3) the complexity, expense, and duration of additional litigation; and (4) the lack of any opposition to the Settlement. In reaching these findings on the *Jiffy Lube* factors, the Court considered all written submissions, affidavits, and arguments of counsel, as well as the entire record in the case. After notice and a hearing, this Court finds that the terms of the Settlement and the Settlement Agreement, including all exhibits thereto, are fair, adequate and reasonable, and are in the best interest of the Settlement Class. Accordingly, the Settlement and the Settlement Agreement should be and are approved and the Settlement Agreement shall govern all issues regarding the Settlement and all rights of the Parties, including the rights of the Class Members.

10.     Upon consideration of Class Counsel's application for attorneys' fees and litigation costs, the aggregate amount of the Attorney Fee/Litigation Cost Award is hereby fixed at $20,000.00. This aggregate award resolves, without limitation, all claims for attorneys' fees and litigation costs incurred by (a) Class Counsel, (b) any other counsel representing (or purporting to represent) Plaintiffs or Class Members (or any of them), and (c) Representative Plaintiffs or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release, as embodied in paragraphs 5.01 and 5.02 of the Settlement Agreement.

11.    Upon consideration of Representative Plaintiffs' application for an award to the
Representative Plaintiffs, the amount of the Class Representative Award is hereby fixed at
$5,000.00 to be paid to plaintiff David Conley and $5,000.00 to be paid to plaintiff Katrien Van
Dijk.

12.    Upon consideration of paragraph 4.08 of the Settlement Agreement, and the
Declaration of Emily Trenholm with the "Community Development Council of Greater
Memphis," the Court finds that the "Community Development Council of Greater Memphis" is
an appropriate recipient of the Settlement Amount Excess, if any, as it is a non-profit
organization actively engaged in counseling individuals relating to both home purchases and
foreclosure avoidance.

13.    In accordance with the Settlement Agreement, and to effectuate the Settlement,
Defendant shall cause:

(a)    the Benefit Checks to be provided to Class Members in accordance with
the terms of the Settlement Agreement;

(b)    the aggregate Attorney Fee/Litigation Cost Award made in Paragraph 10
above to be disbursed to Class Counsel in accordance with the terms of the Settlement
Agreement;

(c)    the Class Representative Award made in Paragraph 11 above to be
disbursed to Class Counsel in accordance with the terms of the Settlement Agreement;

(d)    the Settlement Administration Costs to be paid in accordance with the
terms of the Settlement Agreement; and

(e)    the Settlement Amount Excess, if any, to be paid to the "Community
Development Council of Greater Memphis" in accordance with the terms of the Settlement
Agreement and Paragraph 12 above.

14.    The Action and all claims against the Defendant are hereby dismissed on the
merits and with prejudice. The judgment shall be without costs to any Party.

15.     Representative Plaintiffs and each Class Member shall be forever bound by this

Order and the Settlement Agreement including the Release set forth in paragraphs 5.01 and 5.02

of the Settlement Agreement, which provides as follows:

5.01    Upon Final Approval, and in consideration of the promises and
covenants set forth in this Agreement, the Representative Plaintiffs and each
Class Member who is not a Successful Opt-Out, and each of their respective
spouses, children, executors, representatives, guardians, wards, heirs, estates,
successors, predecessors, next friends, joint tenants, tenants in common, tenants
by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives,
attorneys, agents and assigns, and all those who claim through them or who assert
claims (or could assert claims) on their behalf (including the government in the
capacity as *parens patriae* or on behalf of creditors or estates of the releasees),
and each of them (collectively and individually, the "Releasing Persons"), will be
deemed to have completely released and forever discharged First Tennessee Bank
National Association, and each of its past, present, and future parents,
predecessors, successors, assigns, subsidiaries, affiliates, divisions, owners,
shareholders, officers, directors, vendors, employees, attorneys, insurers, and
agents (alleged or actual, and including, without limitation, PHH Mortgage
Corporation) (collectively and individually, the "Released Persons"), from any
claim, right, demand, charge, complaint, action, cause of action, obligation, or
liability of any and every kind, including without limitation (i) those known or
unknown or capable of being known, and (ii) those which are unknown but might
be discovered or discoverable based upon facts other than or different from those
facts known or believed at this time, including facts in the possession of and
concealed by any Released Person, and (iii) those accrued, unaccrued, matured or
not matured, all from the beginning of the world until today (collectively, the
"Released Rights"), that arise out of (a) Released Rights that were asserted, or
attempted to be asserted, or could have been asserted in the Action relating to the
credit inquiry; (b) failure to provide proper notice of the reasons for denial of a
credit inquiry or loan application under the ECOA or the Fair Credit Reporting
Act, including without limitation failure to do so pursuant to paragraph 4.11; (c)
failure to provide proper notice of the reasons for denial of a credit inquiry or loan
application under the VECOA or any other state-law analogue to the ECOA; (d)
all claims asserted or that could have been asserted in the Action relating to the
credit inquiry; (e) claims that the Released Persons' practices, policies and/or
procedures at issue in the Action violate the ECOA, a state ECOA analogue, any
statute or regulation or the common law; and (f) any violation and/or alleged
violation of state and/or federal law, whether common law or statutory, arising
from or relating to the conduct and/or omissions described in paragraph 5.01 (a)-
(f) above.  This Release shall be included as part of any judgment, so that all
released claims and rights shall be barred by principles of *res judicata*, collateral
estoppel, and claim and issue preclusion.

5.02    In addition to the provisions of paragraph 5.01, the Releasing
Persons  hereby  expressly  agree  that,  upon  Final

Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 5.01. Section 1542 of the California Civil Code reads:

> Section 1542.   General Release; extent.   A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

> Whether a beneficiary of California law or otherwise, Representative Plaintiffs and each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 5.01, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 5.01, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

16.     The Release set forth in paragraph 15 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, other proceedings maintained by or on behalf of Representative Plaintiffs, Class Members and each of the Releasing Persons concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release, as embodied in paragraphs 5.01 and 5.02 of the Settlement Agreement.

17.     The Defendant and all Released Persons each are hereby forever discharged by Representative Plaintiffs, Class Members and the Releasing Parties from all matters and claims within the scope of the Release, as embodied in paragraphs 5.01 and 5.02 of the Settlement Agreement.

18.     Representative Plaintiffs and every Class Member each are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against the Defendant or any Released Person any claim that was brought in the Action for which a release is being

given under the Settlement Agreement.

19.     This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Settlement Agreement, shall not be construed as, offered as, received as or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of the Defendant whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by the Defendant or the Released Persons, or any one of them, to enforce the Settlement Agreement or to support a defense of *res judicata*, collateral estoppel, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     The notice required by 28 U.S.C. § 1715 has been provided, more than 90 days has passed between when that notice was given and the entry of this Final Order, and there shall be no basis under 28 U.S.C. § 1715(e) for any Class Member to refuse or fail to be bound by the Settlement Agreement or this Order.

21.     In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Final Order, the certification of the Settlement Class and all other terms herein, together with any other orders or rulings arising from or relating to the Settlement Agreement, shall be void and their effect vacated.

22.     Except as expressly provided for in this Final Order and Judgment, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including applicable deadlines, until further order of this Court or written agreement of the Parties.

23.   Without in any way affecting the finality of this Final Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

/s/

T. S. Ellis, III
United States District Judge

Dated: August 18, 2011

T.S. ELLIS, III
United States District Judge

9